<u>**NOT FOR PUBLICATION**</u>

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**17-639**

**JAMARCUS THOMAS**

**VERSUS**

**LOUINA DENIS THOMAS**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 16-C-0576-B
HONORABLE A. GERARD CASWELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Jamarcus Thomas**
**In Proper Person**
**1241 Crochet Street**
**Opelousas, LA 70570**
**(337) 501-8933**
**PLAINTIFF/APPELLANT:**
    **Jamarcus Thomas**

**William C. Vidrine**
**Vidrine & Vidrine**
**711 W. Pinhook**
**Lafayette, LA 70503**
**(337) 233-5195**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louina Denis Thomas**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

In this matter, the parties, Jamarcus Thomas and Louina Denis Thomas, were married on October 9, 2015. On February 12, 2016, Jamarcus filed for a divorce from Louina. In an amended petition, Jamarcus requested the issuance of a Temporary Restraining Order (TRO) to prevent Louina from coming near his home or place of business. In an answer and reconventional demand, Louina asserted she was pregnant and due to give birth on July 2, 2016. Louina sought, and was granted, a TRO on April 27, 2016, preventing Jamarcus from harassing her and from going to her home and place of business. A minor child, Isaiah Denis Thomas, was born on June 25, 2016. DNA testing established that Jamarcus was the father of the minor child.

The court minutes show the trial court vacated the earlier TRO and instead entered a reciprocal order preventing either party from harassing the other and allowing Jamarcus limited visitation with the child.

On July 5, 2016, Jamarcus' attorney filed a motion to withdraw which was granted. Jamarcus, representing himself, filed a motion requesting that he and Louina undergo mental health evaluations pursuant to La.R.S. 9:331.

At the behest of the trial court, the parties agreed to appear before a hearing officer on July 26, 2016, to resolve the disputes on those issues. The hearing officer recommended joint custody, with Louina as domiciliary parent. The hearing officer was further recommended Jamarcus pay $246 per month in child support and a visitation schedule was set forth.

In response, on August 2, 2016, Jamarcus, who was continuing to represent himself, filed an "Objection to Hearing Officer's Recommendation and Motion to Fix fo[r] Hearing." Following a hearing on September 12, 2016, the trial court

made the hearing officer's recommendation that Jamarcus pay $246 per month in child support an interim order of the court.

On August 19, 2016, Jamarcus filed a Rule for Contempt against Louina which accused her of attempting to have Jamarcus arrested for detaining her against her will on February 10, 2016. Jamarcus maintained he was only asking Louina questions pertaining to the due date and gender of the unborn child. Jamarcus was arrested on that date because there was a TRO against him in effect preventing him from going to the residence. Jamarcus also filed a motion to modify interim custody and child support.

A hearing on the Rule for Contempt, as well as the Motion for Psychological Evaluation filed by Jamarcus, was held before the hearing officer on September 1, 2016. The hearing officer found Louina was not "guilty of contempt because on the date of the arrest, July 3, 2016, there was a TRO in place preventing Mr. Thomas from coming to [Louina's] residence. The judge did not vacate the TRO until July 11, 2016. Therefore, no finding of contempt was made." The hearing officer also denied the motion for psychological evaluation finding Jamarcus "did not present evidence of a need" for a psychological evaluation of Louina. Jamarcus again filed an "Objection to Hearing Officer's Recommendation and Motion to Fix fo[r] Hearing."

On October 17, 2016, Louina filed a Motion for Contempt, alleging Jamarcus failed to pay the monthly child support ordered by the hearing officer and violated the TRO against harassment.

On October 26, 2016, Jamarcus filed three separate Motions for Contempt, asserting: (1) he was harassed while visiting his son on July 14, 2016; (2) he was prevented from seeing his son on July 9, 2016; and (3) he was not given his full time period on his July 24, 2016 visit. On October 27, 2016, Jamarcus filed a "Motion for Contempt for Perjuring Joint Support Obligation," requesting the trial

court find Louina in "direct violation of perjuring of the child support obligation in order to increase the amount of child support paid by [Jamarcus]." He requested the child support obligation "be corrected" to reflect income he believed Louina had earned. On October 31, 2016, Jamarcus filed three separate Motions for Contempt, asserting: (1) Louina and the child were not home when he went for his scheduled visitation on August 4, 2016, due to a doctor's appointment; (2) the child was taken from him to be fed during his visit, thus depriving him of a large portion of his two-hour visitation period on August 7, 2016; and (3) he was not allowed to give his son a bottle and his son was taken from him to be fed during his visit on August 11, 2016.

At a hearing on December 15, 2016, the hearing officer recommended that all Motions for Contempt filed by Jamarcus be "passed to the [trial court] for full hearings." On the Motion for Contempt filed by Louina, the hearing officer recommended Jamarcus be found guilty of contempt "for failure to pay the child support as ordered." Again, Jamarcus filed an "Objection to Hearing Officer's Recommendation."

The parties appeared before the trial court on January 18, 2017. The trial court deferred ruling on the contempt motions until a later hearing.[1] On that date, the trial court ruled on all issues pertaining to custody, support and visitation. Louina and Jamarcus were awarded joint custody of the minor, with Louina designated domiciliary parent. The parties agreed at the hearing to a reasonable visitation schedule which was outlined in a joint custody plan and attached to the judgment. It was also ordered that Jamarcus owed child support in the amount of $246 per month beginning from July 1, 2016 through December 6, 2016.

---

[1] The trial court noted to Jamarcus that he had filed numerous, separate motions for contempt, when all the alleged violations could have been presented in a single motion. The trial court explained to Jamarcus that the filings of these numerous motions separately would drastically increase the costs in the matter.

4

Beginning December 7, 2016, child support was payable in the amount of $498 until further orders of the court.

A judgment was prepared and signed on February 9, 2017. Jamarcus appealed the judgment to this court, asserting primarily that the judgment did not reflect what the parties agreed to in the court proceeding on January 18, 2017. In *Thomas v. Thomas*, 17-295 (La.App. 3 Cir. 11/22/17), __ So.3d __, this court affirmed the lower court judgment in its entirety, with the exception that Jamarcus is entitled to two days of make-up visitation and to be provided with a copy of the child care bill.

On March 13, 2017, a hearing on the Motions for Contempt was held, wherein argument and testimony from witnesses was taken. As to the motion for contempt filed by Louina, the trial court then ruled that Jamarcus was in contempt of court for his willful failure to pay child support, subject to a credit of $80.00 for purchases he made on behalf of the minor child. Jamarcus was cast with the costs of that motion and ordered to pay $500.00 to Louina's attorney.

Concerning the motion for contempt filed by Jamarcus pertaining to his arrest because there was a TRO against him in effect on that date preventing him from coming to the residence, the trial court found Louina was not in contempt of court.[2] Jamarcus was cast with the costs of that motion. As to the motion for contempt filed by Jamarcus pertaining to the August 4, 2016 scheduled visitation, where a doctor's appointment prevented Jamarcus from exercising his scheduled visitation, the trial court found Louina in contempt of court for failing to notify Jamarcus of the doctor's appointment. Court costs for that contempt motion were cast against Louina. As to the remaining motions for contempt, the trial court

---

[2] In open court on January 18, 2017, when discussing that motion, the trial court noted there were conflicting orders in place on that date, and it was the trial court's error to not modify the TRO to accommodate the temporary visitation it later ordered.

found there was not sufficient evidence to show any violations of court orders, which would support holding Louina in contempt.

The trial court sentenced both Jamarcus and Louina to fifteen days in the parish jail. The court stayed execution of the order provided neither party violates any further orders of the court. The judgment provided that if "either party has violated orders of this Court, the stay will be lifted and the party will serve the fifteen days in the parish jail."

The above rulings were incorporated in a judgment signed by the trial court on April 4, 2017. Jamarcus, continuing to represent himself, has timely appealed the judgment.

## ANALYSIS

As was noted several times in the above summary of the facts and procedural history, during the vast majority of these proceedings, Jamarcus has represented himself. He did so despite several warnings from the trial court that such a decision was fraught with peril. Jamarcus has continued to represent himself on appeal, and his appellate brief, while attempting to rehash the facts surrounding his numerous motions for contempt, fails to assert any specific error committed by the trial court in denying his motions for contempt. Although Jamarcus' brief fails to satisfy Rule 2-12.4, Uniform Rules-Courts of Appeal, by setting forth the assigned errors, out of an abundance of caution we will discuss the trial court's denial of Jamarcus' contempt motions.

"A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La.Code Civ.P. art. 221. "Willful disobedience of any lawful judgment, order, mandate, writ, or process of the court constitutes constructive contempt of court." La.Code Civ.P. art. 224(2). The appellate court reviews a trial court's finding of contempt by a manifestly erroneous standard.

6

*Weaver v. Weaver*, 12-238 (La.App. 5 Cir. 12/11/12), 106 So.3d 1116. "To find a person guilty of constructive contempt, it is necessary to find that he violated the order of court intentionally, knowingly and purposefully, without justifiable excuse." *Id.* at 1120.

The trial court found only two of the numerous motions for contempt had merit. The record established Jamarcus intentionally and willfully chose not to pay court ordered child support, and the trial court did not manifestly err in finding Jamarcus in contempt of court for this knowing violation of a court order. The trial court also found Louina in contempt of court for failing to notify Jamarcus of a doctor's appointment on August 4, 2016, and denying him his court ordered visitation period with his son on that date. The trial court found there was no emergency situation on that date that prevented Louina from contacting Jamarcus or that anything was done ahead of time to prevent Jamarcus from coming to an empty house on that date. We find no manifest error in finding Louina in contempt of court for this incident.

Several of Jamarcus' motions for contempt relate to his being denied his full time during his periods of visitation with the infant child. This allegedly involved the infant child being taken from Jamarcus for a brief period to be fed. Jamarcus also filed a contempt motion concerning his July 14, 2016 visitation, wherein he alleged he was harassed by a friend of Louina's. After hearing testimony concerning these events, the trial court concluded there were not sufficient grounds to hold Louina in contempt of court on these motions. We find no manifest error in that conclusion. These motions and the facts surrounding them are indicative of the petty bickering that has been consistently displayed by both parties. While the trial court rightly found such behavior ridiculous on the part of both parties, it did not find their behavior amounted to a knowing and intentional violation of a court order.

7

The trial court also denied Jamarcus' motion for contempt against Louina relating to his arrest for coming to Louina's place of residence because there was a TRO against him in effect on that date. The trial court noted it was a mistake made by the court in not modifying the TRO to accommodate the temporary visitation later ordered by the court. Although it was an unfortunate event that happened to Jamarcus, it did not occur because Louina intentionally, knowingly or purposefully violated any order of the court. Therefore, this motion for contempt against Louina was properly denied.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, Jamarcus Thomas.

**AFFIRMED.**